IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2010

## STATE OF TENNESSEE v. MATTHEW STEVEN WRIGHT

**Appeal from the Circuit Court for Marion County**
**No. 7082V.1    Buddy D. Perry, Judge**

_____

**No. M2009-00420-CCA-R3-CD - Filed July 16, 2010**

_____

Appellant, Matthew Steven Wright, was indicted by the Marion County Grand Jury for aggravated assault. Appellant pled guilty to the charge and received a sentence of four years. The trial court suspended the sentence to three years and ten months of probation after the service of thirty-five days in incarceration. After the issuance of a probation violation warrant and hearing, the trial court revoked Appellant's probation and ordered him to serve his sentence. Appellant seeks a review of the denial of his probation. We determine that the trial court made adequate findings of fact with regard to the denial of probation. Therefore, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., JOINED.

Robin Ruben Flores, Chattanooga, Tennessee for the appellant, Matthew Steven Wright.

Robert E. Cooper, Jr., Attorney General and Reporter, Deshea Dulany Faughn, Assistant Attorney General; J. Michael Taylor, District Attorney General, and Sherry Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

Appellant was indicted in August of 2004 by the Marion County Grand Jury for aggravated assault. In March of 2005, Appellant pled guilty in exchange for a four-year sentence as a Range I, standard offender. The trial court gave Appellant an alternative

sentence of probation for three years and ten months after the service of thirty-five days in incarceration. Appellant was also ordered to have no contact with the victim.

On February 27, 2008, a probation violation warrant was issued alleging that Appellant had violated the rules of probation by:

(1) Failing to abide by the laws of the United States by being charged with assault and vandalism.
(2) Failing to report above new charges to his State of Tennessee Probation/Parole Officer.
(3) Failing to provide payment of fees to Marion County Criminal/Circuit Court and State/TN Board of Probation/Parole (i.e. $375.00).
(4) Failing to report to his State/TN Board of Probation/Parole Officer.
(5) Failing to comply with public service work pursuant to court order.
(6) Engaging in assaultive behavior.

The probation violation report indicated that Appellant had been arrested for assault and vandalism on January 30, 2008, and pled guilty to the assault and vandalism charges. On May 9, 2008, an "Addendum to Affidavit/Warrant for Violation of Probation" was filed to indicated that Appellant was arrested on January 28, 2008, for assault, harassment, and vandalism. Additionally, the addendum indicated that Appellant was "picked up on 4/28/2008" on additional charges of harassing phone calls and had "holds from Dade County, Georgia[;] Hamilton County, Tennessee[;] and, [sic] Marion County, Tennessee. Counsel was appointed to represent Petitioner.

The trial court held a hearing on the probation revocation warrant. At the hearing, Samantha Hughes, Appellant's probation officer, testified. She was appointed to manage Appellant's probation in February of 2008. Since that time, Appellant had not reported to her. Ms. Hughes testified that Appellant's file indicated that he had not reported to his previous probation officer since October 8, 2007. Additionally, Appellant had failed to perform any of the 100 hours of court-ordered public service work or paid any of the fines and court costs since 2006.

Ms. Hughes testified that Appellant had been arrested multiple times while on probation. For example, he was convicted of making harassing phone calls in Rhea County General Sessions Court on June 17, 2008, and convicted of assault and vandalism in East Ridge City Court on February 28, 2008.

Appellant's mother, Toni Wright, also testified at the hearing. Ms. Wright informed the trial court that Appellant was in a serious automobile accident when he was a senior in

high school.  During the accident, Appellant suffered a "severe traumatic brain injury." Appellant now takes medication.  If Appellant does not take his medication, he becomes violent.

Ms. Wright admitted that Appellant pled guilty to assault and vandalism while on probation but claimed that "extenuating circumstances" were involved between Appellant and his girlfriend, the victim, that aggravated the situation.  Ms. Wright also acknowledged Appellant's hold out of Dade County, Georgia, and informed the trial court that it involved a "family altercation."  Ms. Wright insisted that her son had tried to get and keep a job and described him as "very good" when he was taking his medication.

Appellant took the stand at the probation revocation hearing.  Appellant testified that he was currently on probation but claimed that, at some point, had been placed on unsupervised probation.  Appellant admitted that he had a pending charge in Georgia. Appellant called the charge "bogus."  Appellant also admitted that he stopped reporting to his probation officer in October of 2007 because he "was without a job for a little while, trying to get back on [his] feet."  Further, Appellant admitted to being arrested and pleading guilty to assault and vandalism while on probation.  Appellant explained that these arrests came during a time that he was not taking his medication and that he was "forced to plead out" to the charges.

At the conclusion of the hearing, the trial court stated there was "no choice but to revoke [Appellant]."  The revocation order lists "failing to report to probation officer since February 2007" and "new convictions in Rhea County and East Ridge" as the reasons for the revocation on the order entered on July 29, 2008.

Trial counsel filed a "Motion to Reconsider Ruling" on August 8, 2008, asking the trial court to hear additional evidence and to reconsider the ruling revoking probation.  The trial court denied this motion on January 12, 2009.  Appellant filed a notice of appeal on January 27, 2009.

*Analysis*

In this appeal, Appellant argues that the trial court failed to state the reasons for revocation on the record.  Therefore, Appellant contends that the matter should be remanded to the trial court.  The State, on the other hand, argues that the notice of appeal was untimely and, in the alternative,  that the trial court properly revoked probation, stating the reason for the revocation on the order.

Initially, we note that Appellant filed his notice of appeal nearly six months after the trial court entered the judgment in this case, far outside the thirty-day time limit prescribed by Rule 4 of the Tennessee Rules of Appellate Procedure. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ."). Although the defendant filed a Motion to Reconsider within thirty days of the entry of the judgment, such a motion does not toll the time period for filing a notice of appeal in this court. *See* Tenn. R. App. P. 4(c) ("In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition."). In consequence, the time for filing a timely notice of appeal expired thirty days from the entry of judgment on July 29, 2008. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *See* Tenn. R. App. P. 4(a). We determine that the interest of justice warrants waiver of the timely filing of the notice of appeal.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311; *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

As part of this procedural framework, the trial court must issue a statement setting forth the evidence and factors relied upon in making the determination to revoke probation.

*State v. Delp*, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1980). Although the trial court's findings may be written or oral, a statement in some form must be made. *Id.*

In *Practy v. State*, 525 S.W.2d 677 (Tenn. Crim. App. 1974), this Court enunciated the constitutionally-mandated procedural due process standards applicable to a probation revocation proceeding. 525 S.W.2d at 679-80 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972)). The *Practy* Court then enumerated the "'minimum requirements of due process'" as first set forth by the United States Supreme Court in *Morrissey*:

> "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) *a written statement by the factfinders as to the evidence relied upon and reasons for revoking [probation or] parole.*"

*Id.* at 680 (quoting *Morrissey*, 408 U.S. 488-89) (emphasis added). Appellant relies on *Morrissey* to support his argument that the trial court's decision to revoke probation should be reversed.

In the case herein, contrary to Appellant's assertions, the trial court set out the reasons for revoking Appellant's probation. The trial court made written findings of fact noting that Appellant failed to report to his probation officer and had obtained new convictions in Rhea County and East Ridge. At the revocation hearing, the trial court herein was presented with more than adequate testimony from Appellant himself as well as his mother and the probation officer that he violated the terms and conditions of his probation. According to Appellant's probation officer, Appellant was convicted of making harassing phone calls in Rhea County General Sessions Court on June 17, 2008; and was charged and convicted of assault and vandalism in East Ridge City Court on February 28, 2008. Further, Appellant admitted that he stopped reporting when he "was without a job for a little while, trying to get back on [his] feet." At the conclusion of the hearing, the trial court stated that, based on the evidence, there was "no choice" but to revoke probation. The trial court did not abuse its discretion in making this determination. Further, the findings made by the trial court are adequate to support the revocation and ensure that Appellant received due process of law.

*Conclusion*

Accordingly, the order of probation revocation entered by the trial court in this case is affirmed.

_____

JERRY L. SMITH, JUDGE